**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOLDIN AUCTIONS, LLC,<br><br>         *Plaintiff*,<br><br>v.<br><br>DANIEL KAPLAN and<br>KWANG SHOUNG CHAO<br><br>         *Defendants*. | Civil Action No.:<br><br><br>**COMPLAINT FOR INTERPLEADER** |

  Plaintiff, GOLDIN AUCTIONS, LLC ("Goldin Auctions"), located at 160 East Ninth Avenue, Suite A, Runnemede, New Jersey, by and through its undersigned attorneys, Fox Rothschild, LLP, and pursuant to 28 U.S.C. §§ 1335 and 2361, by way of Complaint for Interpleader against Defendants, DANIEL KAPLAN ("Kaplan"), residing at 3037 Kalakaua Avenue, Honolulu, Hawaii 96815, and KWANG SHOUNG CHAO ("Chao"), residing at 128 Longfellow Street, Hartsdale, New York, (collectively, the "Claimant Defendants"), hereby alleges as follows:

**NATURE OF ACTION**

  1. This interpleader action arises out of a dispute between the Claimant Defendants concerning the proceeds from an auction of an item belonging to Kaplan.

  2. The Claimant Defendants, in connection with the proceeds, are each alleging entitlement to all or a portion of the $261,700 ("Proceeds") presently being held and restrained by Goldin Auctions on behalf of Kaplan.

3. Goldin Auctions, as a disinterested stakeholder, seeks to interplead the disputed Proceeds into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the Proceeds amongst themselves.

## PARTIES

4. Goldin Auctions is a leading auctioneer of sports and other memorabilia. Goldin Auctions' principal place of business is 160 East Ninth Avenue, Suite A, Runnemede, New Jersey. It is a citizen of New Jersey.

5. Upon information and belief, Kaplan is a resident and citizen of Hawaii, residing at 3037 Kalakaua Avenue, Honolulu, Hawaii 96815.

6. Upon information and belief, Chao is a resident and citizen of New York, residing at 128 Longfellow Street, Hartsdale, New York 10530.

## JURISDICTION AND VENUE

7. Goldin Auctions brings this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361, because there is diversity of citizenship between the Claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

8. Venue is appropriate in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(2) because the State of New Jersey is where a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred and it is where the property at issue is situated.

9. Venue is also appropriate in the District of New Jersey, and this Court has jurisdiction over the parties, pursuant to 28 U.S.C. §§ 1335 and 2361, which grants district courts authority to issue nationwide service of process in statutory interpleader actions and at least one Claimant Defendant has agreed to jurisdiction in this Court.

**FACTS COMMON TO ALL COUNTS**

10. On or about September 10, 2020, Kaplan consigned to Goldin Auctions PSA 9 1958 Pele Alifabolaget 635 serial numbered 20018650 ("Pele Card") pursuant to a Consignment Agreement ("Consignment Agreement").

11. Consistent with the Consignment Agreement, Goldin Auctions auctioned the Pele Card on or before October 31, 2020.

12. On or about November 11, 2020, Chao sent Goldin Auctions a notice of a claim of title over the Pele Card ("Chao's Title Claim").

13. As a result of Chao's Title Claim and consistent with the Consignment Agreement, Goldin Auctions did not release the Proceeds to Kaplan, pending resolution of Chao's Title Claim.

14. Since November 2020, Chao and Kaplan have engaged in substantial settlement discussions. Upon information and belief, those settlement negotiations have failed.

15. Shortly after settlement discussions broke down, Kaplan threatened to sue Goldin Auctions if it does not release the Proceeds to him. Chao has also threatened litigation against Goldin Auctions.

16. Based on Chao's Title Claim and the Claimant Defendants' failure to reach a settlement, there is now a dispute between the Claimant Defendants to the Proceeds, and it is unclear as to which of the Claimant Defendants are entitled to the Proceeds.

17. The Proceeds are not sufficient to cover the claims of the Claimant Defendants.

18. Accordingly, Goldin Auctions now seeks to interplead the Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Proceeds.

19. At all times material, the relationship between Goldin Auctions and Kaplan relative to the Pele Card was/is governed by the Consignment Agreement, a true and correct copy of which is attached hereto as **Exhibit A.**[1]

20. Goldin Auctions has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

21. Goldin Auctions is entitled to recover its reasonable attorneys' fees and costs related to this dispute pursuant to the Consignment Agreement and applicable law.

22. All conditions precedent to recovery have been performed, waived or have occurred.

### Count I - Interpleader

23. Paragraphs 1 through 22 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

24. At this time there exist rival, adverse and conflicting claims between the Claimant Defendants as to the Proceeds.

25. Goldin Auctions claims no interest in the Proceeds and has done nothing to create the dispute over entitlement to the Proceeds.

26. By reason of the conflicting claims to the Proceeds, Goldin Auctions is in doubt as to who is entitled to the Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Proceeds without the aid of this Court.

27. Goldin Auctions is ready, willing, and able to deposit the Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

**WHEREFORE**, Plaintiff Goldin Auctions respectfully requests the following relief:

---

[1] Consistent with the Consignment Agreement's confidentiality provision, certain terms not relevant to this dispute are redacted.

A. That this Court take jurisdiction over the parties, and permit Goldin Auctions to deposit the Proceeds with the Registry of the Court;

B. That this Court issue an order requiring the Claimant Defendants to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Proceeds;

C. That Goldin Auctions be discharged from all liability to any of the parties to this action concerning Goldin Auctions' obligations related to the Proceeds;

D. That the Claimant Defendants be enjoined and prohibited from instituting any actions against Goldin Auctions and/or its agents, affiliates, employees, and servants, regarding the Proceeds;

E. That Goldin Auctions be awarded its costs and reasonable attorneys' fees, to be paid from the Proceeds, for bringing this action and incurred as a result of Chao's Title Claim;

F. That Goldin Auctions be dismissed as a party to this action; and

G. For such other and further relief as this Court deems just, equitable, and proper.

Dated: June 3, 2021

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff, Goldin Auctions LLC*

By: s/ Brian A. Berkley
   Brian A. Berkley, Esq.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I hereby certify, pursuant to L. Civ. R. 11.2 and 28 U.S.C. §1746, that I am not presently aware of any other action pending in any court, or of any pending arbitration or administrative proceeding related to the matter in controversy.

By: /s/ Brian A. Berkley<br>
Brian A. Berkley, Esq.

Dated: June 3, 2021